**COUNCIL ROCK SCHOOL DISTRICT**

v.

**RICHARD N.**

**Civil A. No. 94–CV–1900.**

United States District Court,
E.D. Pennsylvania.

April 2, 1996.

Rosemary E. Mullaly, Curtin and Heefner, and Joanne Sommer, Eastburn and Gray, Doylestown, PA, for plaintiff.

Penelope A. Boyd, Public Interest Law Center of Philadelphia, Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

Plaintiff Council Rock School District seeks a preliminary and permanent injunction establishing the interim educational placement of Defendant Richard N. while his final placement is determined via due process hearings and appeals.

*PROCEDURAL BACKGROUND*

The procedural background of this action is lengthy. The District initially brought this action and motion in 1994 when Richard was in third grade and after he had been engaged in an altercation in which a teacher's cheek was fractured. It sought to exclude Richard from its schools until his due process rights could be protected through administrative hearings and his appropriate placement determined administratively.

After a series of hearings, continuances and agreements over the next two years, the parties agreed to educate Richard first at home, then at the University City New School for the 1994–95 school year, and finally, at the Bucks County Country Day School for the 1995–96 school year. Both of the private schools were chosen by Richard's parents.

In December, 1994, the Pennsylvania Special Education Hearing Officer entered his due process ruling. His order was in the District's favor and among other things, ordered Richard to be placed in an approved day program outside the District school system. Richard appealed from this decision to the Special Education Due Process Appeals Review Panel. In January, 1995, the Appeals Panel affirmed the decision of the Hearing Officer, and Richard appealed that decision to this Court in a separate action, 95–1073.

Today, we consider the Motion to Dismiss filed by Richard shortly after the Hearing Officer's decision was made. The first basis for Richard's motion was that an order temporarily excluding Richard from District schools was unnecessary because he did not plan on attending any District school for at least the rest of the school year. The second basis was that any appeal from the Hearing Officer's decision would take place quickly so that there was no immediacy or any showing that exhaustion of administrative procedures would be futile, inadequate or constitute an emergency situation. We originally took the Motion to Dismiss under advisement pending Richard's appeal from the Hearing Officer and pending any additional developments. We now make our final decision on the Motion.

Richard asserts that a District can only receive an injunction for an interim placement when it can show that it would be futile or inadequate for it to first exhaust its administrative avenues. *Honig v. Doe,* 484 U.S. 305, 326, 108 S.Ct. 592, 605–606, 98 L.Ed.2d 686 (1988). Here, the relief requested by the District is to place Richard in an interim placement pending the completion of the administrative due process hearings. Both the hearing and appellate levels of that process have been exhausted and those decisions have been appealed to this Court. At this point, the District has basically received the relief requested in the injunction motion and complaint; that Richard be excluded from its schools pending administrative and judicial review. For that reason, we find that the District cannot show immediacy or irreparable harm and determine that Richard's Motion should be granted. As a result, the Motion for permanent injunction is denied and the Complaint is dismissed.

An appropriate Order follows.

## ORDER

AND NOW, this 2nd day of April, 1996, upon consideration of Plaintiff's Motion for Preliminary and Permanent Injunction and upon consideration of Defendant's Motion to Dismiss for Lack of Jurisdiction, Plaintiff's Motion is hereby DENIED and Defendant's Motion is hereby GRANTED in accordance

with the attached Memorandum. The Complaint is hereby DISMISSED.